UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number: 21-mj-202 |
| RUBEN VERASTIGUI, : | |
| : | Detention Hearing: February 9, 2021 |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF
### PRETRIAL DETENTION OF DEFENDANT RUBEN VERASTIGUI

In the spring of 2020, defendant Ruben Verastigui joined a group devoted to trading child pornography and discussing sexually abusing children. There were 17 other members, several of which boasted about actively producing child pornography of children they had access to and then shared that content with the group. Not only did Verastigui encourage others in the group to rape children and solicited them to share child pornography, but he also discussed in great detail how much he enjoyed seeing children getting raped and killed. Specifically, he told another group member that he, "would love to see a kid get tied up and fuck so hard they don't survive in the end . . . I would love to see that, just beating the kid as they fuck the life out of it . . . Fucking a now dead kids body pumping cum into him and then tossing him to the side walking away like nothing." Later on in the conversation, he and the other group member talked about traveling so that they could accomplish this task. After the other group member said there were too many cops for him to come to D.C. to do it, Verastigui responded, "I guess you're right. Well have be somewhere we could get a kid and kill them." Verastigui also said his age preference was infants up to 12 year olds. And, he commented, "I can't stop thinking about touching, raping, and killing a newborn baby, been hard all morning." During his time in the

1

group, he distributed multiple videos of child pornography to Arizona and elsewhere, and he also received depictions of a group member raping his nephew (the same group member Verastigui plotted to kill a child with). Verastigui is a danger to the community and should be detained pending trial in this case.

The Government moves for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A). Verastigui has been charged by criminal complaint in the District of Columbia with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). This is a crime of violence, and there is a presumption of Verastigui's dangerousness. Under the factors outlined in 18 U.S.C. § 3142(g), there are no condition or combination of conditions that will reasonably assure the safety of any person and the community or Verastigui's presence in court if he is released.

## FACTUAL BACKGROUND

Verastigui is currently under investigation in two different jurisdictions for sharing, receiving, and possessing child pornography. HSI Arizona started investigating a group on a particular website (hereinafter Application A) in June of 2020.[1] Agents quickly learned that several members of this group had sexually abused children. After several search warrants, they recovered chat conversations from this group and discovered that there were 18 members. One of those members, defendant Ruben Verastigui, resided in the District of Columbia. Verastigui's display name in the group was "Landon," and his username was "@somethingtaken." Verastigui was active in the group from April of 2020 to February of 2021.

The following is an example of a chat between Ruben Verastigui (using the username @somethingtaken) and another group member (S-1) on April 13, 2020:

---

[1] The actual name of Application A is known to law enforcement but not revealed here to protect the integrity of the ongoing investigation.

| | |
|---|---|
| S-1: | So you like babies, huh |
| RUBEN[2]: | my absolute favorite |
| S-1: | Fuck yeah. How dark are you? What are u into? |
| RUBEN: | Well like I said babies are some of my biggest turn-ons and beast |
| S-1: | Young rape… |
| RUBEN: | Fuck I love all that |
| RUBEN: | I have been wanting to see videos of guys hardcore rapping a baby..when a baby screams it's my favorite |
| RUBEN: | I've lost a lot of videos so only have one I've been jerking off to |
| S-1: | Which one? |
| RUBEN: | The ginger guy fucked the baby…have any good ones? |

S-1 sent Verastigui a video file depicting a red headed adult male raping an infant/toddler. Verastigui responded, "FUCK YES!!!"

S-1 then sent Verastigui multiple additional child pornography files, including one in which an adult male assaults a child by putting his penis in between the infant/toddler's lips.

| | |
|---|---|
| S-1: | this is my nephew |
| RUBEN: | That's so fucking cute have you done anything else to him? |
| S-1: | That was the only time |
| RUBEN: | Hahahahah still super cute, so do you get off to the thought of stabbing a kid or dog? |
| RUBEN: | ….but yeah I would love to see a kid get tied up and fuck so hard they don't survive the end. And then the guy is just fucking a dead kid. |

---

[2] @somethingtaken (aka Landon) is substituted with Verastigui's first name above for ease of reading.

| | |
|---|---|
| RUBEN: | I would love to see that, just beating the kid as they fuck the life out of it, would love to chock them soo hard |
| S-1: | Wrap your hands around its throat as it goes purple and blue, punching it and raping it |
| RUBEN: | Fucking a now dead kids body pumping cum into him and then tossing him to the side walking away like nothing |
| S-1: | Fuck yea. |
| S-1: | Come to AZ |
| RUBEN: | Come to DC ;) |
| S-1: | DC is scary tho…Lots of cops |
| RUBEN: | I guess you're right; Well have to be somewhere we could get a kid and kill them |

The following day, the chats continued:

| | |
|---|---|
| RUBEN: | I can't stop think about touching, raping and killing a newborn baby, been hard all morning. |
| RUBEN: | Do you have any hardcore videos |

S-1 then sent Verastigui nine videos of child pornography, and Verastigui said that he "wished they were longer."

In another chat on April 17, 2020, Verastigui said the following:

4

| | |
|---|---|
| RUBEN: | I would love to see you rape a baby and have you do everything I say to do to it |
| S-1: | Mmmmm yes baby |
| RUBEN: | I want something |
| S-1: | My nephew, we can do everything to him |
| RUBEN: | Fuck yes |
| S-1: | With your friend too he's hot |

On February 5, 2020, Homeland Security executed a search warrant at Verastigui's residence in the District of Columbia. Verastigui was living alone and was present during the search. He admitted to being Landon on Application A and to using the @somethingtaken name. He acknowledged viewing, receiving, and distributing child pornography in the group. He stated that he knew the purpose of the group was to exchange explicit images of children. Numerous images/videos of child pornography were recovered from his devices, including several of the videos described above that S1 sent Verastigui.

## APPLICABLE LEGAL STANDARD

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence. A crime of violence is defined to include any felony under Chapter 110 or Chapter 117. 18 U.S.C. § 3156(a)(4)(C).

The crime of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), is a

felony offense under Chapters 110, and, as such, a crimes of violence that under 18 U.S.C. § 3142(e)(3)(E) create a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to ensure the safety of any other person and the community. This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

6

## ANALYSIS

For the reasons that follow, the Government submits that there are no condition or combination of conditions that will reasonably assure the safety of any other person and the community or Verastigui's appearance in court if he is released.

### A.  Nature and Circumstances of the Charged Offense

The nature and circumstances of this offense demonstrate Verastigui's dangerousness. Not only did Verastigui receive and share child pornography, he joined a group of likeminded individuals, some of whom had abused or were actively abusing children. And, Verastigui took special delight in images and videos of particularly young children, commenting how much he enjoyed depictions of babies being raped. Verastigui received images/videos that he knew to be of a group member abusing a male relative. Instead of ending the conversation, he expressed approval and encouraged the behavior. Most troubling of all, Verastigui talked about how much he would like to see a child raped to the point of death. And, he and S1 plotted about how to make this dream a reality, discussing kidnapping a child. The nature and circumstances of the offense warrant detention.

### B. The Weight of the Evidence Against the Defendant

The weight of the evidence is strong and favors detention. Verastigui admitted to being on Application A, to his usernames, and to sharing and receiving child pornography. Moreover, HSI has the Application A chat thread containing both the child pornography as well as the words that Verastigui used. In addition, a preliminary forensic preview revealed that Verastigui's electronic devices contained evidence of his activity on Application A and in the group, as well as numerous of the child pornography videos he received from S1. Finally, Verastigui shared a photo with S1 in the chat and also stated that he was from D.C.

### C. The History and Characteristics of the Defendant

Verastigui does not have any criminal history. However, Verastigui's criminal conduct here was not a spontaneous decision made in a moment of weakness. He made the decision day in and day out to access, share, and receive child pornography and got invited to an "elite" group of pedophiles, some of whom were actively sexually abusing children. He faces a mandatory minimum of five years and a maximum of twenty years' imprisonment, along with potential charges for distribution of child pornography in Arizona, charges that carry the possibility of decades of imprisonment.

### D. The Nature and Seriousness of the Danger to Any Person or the Community

Verastigui's release would put the public and children everywhere at-risk. Every red flag has been raised when it comes to his behavior. It would be troublesome enough if Verastigui simply had accessed and viewed sexually explicit depictions of young children being brutally raped. But, here Verastigui's conduct goes far beyond that. He communicated with a group of like-minded individuals, encouraged one or more of them to sexually abuse children, expressed his desire to abuse children, discussed kidnapping a child, received images he knew to be production images of S-1's nephew, and repeatedly talked about how much he would enjoy seeing a child get raped and killed so that there was "nothing" left.

## CONCLUSION

There are no condition or combination of conditions that would ensure the safety of the

community if Verastigui were to be released.

                    Respectfully submitted,

                    MICHAEL SHERWIN
                    Acting United States Attorney

                        By: _____/s/ April N. Russo_____
                        April N. Russo
                        Assistant U.S. Attorney
                        PA Bar: 313475
                        U.S. Attorney's Office for the District of Columbia
                        555 Fourth Street NW, Fourth Floor
                        Washington, DC 20530

Date: February 8, 2021